Argued and submitted February 7, remanded in part with instructions on cross-appeal; otherwise affirmed on the appeal and the cross-appeal July 1, 1992

Richard VAUGHN
and Nila Vaughn,
*Appellants - Cross-Respondents,*

*v.*

Louis W. MONROE, Jr.
and Barbara R. Monroe,
*Respondents - Cross-Appellants.*

(88-2478-L-3; CA A67832)

833 P2d 1331

Frank C. Rote, III, and Brown, Hughes, Bird, Lane & Rote, Grants Pass, filed the brief for appellants - cross-respondents.

Carlyle F. Stout, III, Medford, argued the cause and filed the brief for respondents - cross-appellants.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs brought this action for specific performance and, alternatively, damages for breach of an agreement under which they allegedly had an option to purchase residential real property. They were also leasing the property from defendants and living on it. Defendants counterclaimed, stating an FED claim and claims for rent, "ejectment" and conversion. The conversion claim alleged that plaintiff Richard Vaughn wilfully destroyed property belonging to defendants, for which they sought punitive as well as compensatory damages. All of the claims were tried to the court.

The parties' negotiations generated several instruments, and the trial court initially had to determine what document or documents constituted the option agreement. The court did so and then concluded:

"Plaintiffs are not entitled to specific performance of the Option because the Option was not definite, certain or complete as to the material terms of the legal description, interest rate and amount of monthly payments and plaintiffs' exercise of the Option was not timely."

On the counterclaim, the court granted defendants restitution of the premises, damages for unpaid rent with statutory post-judgment interest, $92.05 on the conversion claim and attorney fees for prevailing on the FED claim. The court declined to award punitive damages. Plaintiffs appeal, and defendants cross-appeal.

Plaintiffs assign error to the court's findings concerning what comprised the agreement, that it was too indefinite to be enforceable and that the option was not timely exercised. On *de novo* review, we agree with the trial court's findings and conclusions in those particulars. Those findings and conclusions preclude both specific performance and a judgment for plaintiffs in their alternative claim for damages.

Plaintiffs also assign error to the award of attorney fees to defendants. They argue that they should have received attorney fees, and defendants should not, because:

"The Defendants were awarded attorney fees because they prevailed in a forcible entry and detainer action. The forcible entry and detainer action was premised upon the

Court's finding that the option was not enforceable. If the option was enforceable, Plaintiffs would have had the right to reside there and would not have been subject to eviction. Defendants would not then be entitled to their attorney fees as there would be no statutory basis for such an award. Plaintiffs, as prevailing part[ie]s, would then be entitled to attorney fees pursuant to the real estate contract incorporated into the option agreement."

Assuming that there might otherwise be merit in that argument, it posits and depends on a sequence of events that did not happen.

Defendants' first assignment of error in their cross-appeal is that the court was incorrect in finding the fair rental value of the property, for purposes of the award of unpaid rent, to be $1,000 rather than $1,500. We do *not* review *this* issue *de novo*. There was evidence to support the trial court's finding.

■ Next, defendants argue, the court erred by not awarding prejudgment interest on the unpaid rent installments from the times that they became due. Defendants are correct.

■ In their remaining assignment, defendants assert that the court erred by not awarding punitive damages on the conversion claim. Plaintiffs answer that the assessment of punitive damages is a factual question to which the trier of fact is *never required* to give a yes answer. That argument is correct, at least in the context of common law claims like this one. *McGregor v. Barton Sand & Gravel, Inc.*, 62 Or App 24, 28-29, 660 P2d 175 (1983).

On cross-appeal, remanded with instructions to award prejudgment interest on the claim for unpaid rent; otherwise affirmed on the appeal and the cross-appeal.